UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Chen Kuan Chen , individually and on behalf all other
employees similarly situated,

<div align="center">Plaintiff,</div>

<div align="center">- against -</div>

Nan Xiang Xiao Long Bao Restaurant Inc. d/b/a Nan
Xiang Xiao Long Bao, Nan Shian Dumpling House Inc.
d/b/a Nan Xiang Xiao Long Bao, Nan Xiang USA Inc.
d/b/a Nan Xiang Xiao Long Bao, Tai Viem Ma, John Doe
and Jane Doe # 1-10

<div align="center">Defendants.</div>

---

Case No.

<u>COLLECTIVE & CLASS
ACTION COMPLAINT</u>
<u>jury trial demand</u>

Plaintiff Chen Kuan Chen ("Plaintiff" or " Chen" ) on his own behalf and on behalf of all

others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC,

hereby files this complaint against Defendants Nan Xiang Xiao Long Bao Restaurant Inc. d/b/a

Nan Xiang Xiao Long Bao, Nan Shian Dumpling House Inc.  d/b/a Nan Xiang Xiao Long Bao,

Nan Xiang USA Inc. d/b/a Nan Xiang Xiao Long Bao ( "Nan Xiang Xiao Long Bao" collectively) ,

Tai Viem Ma,  John Doe and Jane Doe # 1-10     (collectively "Defendants"), alleges and shows

the Court the following:

<div align="center"><strong><u>INTRODUCTION</u></strong></div>

1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly

situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful

employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff complains on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, and New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Chen Kuan Chen is a resident of Queens and was employed as a waiter by Nan Xiang Xiao Long Bao Restaurant Inc. d/b/a Nan Xiang Xiao Long Bao, Nan Shian Dumpling House Inc.  d/b/a Nan Xiang Xiao Long Bao, Nan Xiang USA Inc. d/b/a Nan Xiang Xiao Long Bao, and Tai Viem Ma and John Doe and Jane Doe # 1-10, located at 38-12 Prince St, Flushing, NY 11354 from February 12, 2013 to October 17, 2016.

## CORPORATE DEFENDANTS

8.      Upon information and belief, Defendant, Nan Xiang Xiao Long Bao Restaurant Inc. d/b/a Nan Xiang Xiao Long Bao owns and operates a Chinese restaurant in Flushing located at 38-12 Prince St, Flushing, NY 11354.

9.      Upon information and belief, Defendant, Nan Xiang Xiao Long Bao Restaurant Inc. d/b/a Nan Xiang Xiao Long Bao had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Nan Xiang Xiao Long Bao Restaurant Inc. d/b/a Nan Xiang Xiao Long Bao purchased and handled goods moved in interstate commerce.

10.      Upon information and belief, Defendant, Nan Shian Dumpling House Inc.  d/b/a Nan Xiang Xiao Long Bao owns and operates a Chinese restaurant in Flushing located at 38-12 Prince St, Flushing, NY 11354.

11.      Upon information and belief, Defendant, Nan Shian Dumpling House Inc.  d/b/a Nan Xiang Xiao Long Bao had gross sales in excess of Five Hundred Thousand Dollars ($500,000)

per year. Upon information and belief, Nan Shian Dumpling House Inc.  d/b/a Nan Xiang Xiao Long Bao purchased and handled goods moved in interstate commerce.

12.     Upon information and belief, Defendant, Nan Xiang USA Inc. d/b/a Nan Xiang Xiao Long Bao owns and operates a Chinese restaurant in Flushing located at 38-12 Prince St, Flushing, NY 11354.

13.     Upon information and belief, Defendant, Nan Xiang USA Inc. d/b/a Nan Xiang Xiao Long Bao had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Nan Xiang USA Inc. d/b/a Nan Xiang Xiao Long Bao purchased and handled goods moved in interstate commerce.

## CORPORATE DEFENDANTS AS SUCCESSOR EMPLOYERS AND/OR JOINT EMPLOYERS

14.     Upon information and belief, at all times relevant to this action, Corporate Defendants either do or did business as Nan Xiang Xiao Long Bao as joint employers concurrently or as successor employers or both.

15.     In either case, corporate Defendants are jointly and severally liable to minimum wages and overtime compensation owed to Plaintiff and similarly situated employees.

16.     Upon information and belief, at all times relevant to this action, Corporate Defendants do or did business as Nan Xiang Xiao Long Bao, engaged in substantially the same work in substantially the same working conditions under substantially same supervisors.

17.     Upon information and belief, Corporate Defendants are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

4

18.     Upon information and belief, at all times relevant to this action, if Corporate Defendants do or did business as Nan Xiang Xiao Long Bao as joint employers concurrently, they are joint employers because they concurrently engage employees to work for Nan Xiang Xiao Long Bao, and share substantially the same management and control over the restaurant.

19.     The Corporations that do business as Nan Xiang Xiao Long Bao are joint employers of Plaintiff and constitute an enterprise as is defined by 29 USC §203( r ) insofar as the establishments operate under the same NYC Restaurant Inspection certificate insofar as all three corporations do business as "Nan Xiang Xiao Long Bao" restaurant concurrently, and thus share the same waiters, kitchen workers, and chefs, pay Plaintiffs as shareholders of Nan Xiang Xiao Long Bao, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same owners.

## INDIVIDUAL DEFENDANTS

20.     Upon information and belief, Defendant Tai Viem Ma is the owner, officer, director and/or managing agent of Nan Xiang Xiao Long Bao Restaurant Inc. d/b/a Nan Xiang Xiao Long Bao, Nan Shian Dumpling House Inc. d/b/a Nan Xiang Xiao Long Bao, and Nan Xiang USA Inc. d/b/a Nan Xiang Xiao Long Bao at 38-12 Prince St. Flushing, NY 11354 and participated in the day-to-day operations Nan Xiang Xiao Long Bao and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Nan Xiang Xiao Long Bao Restaurant Inc. d/b/a Nan Xiang Xiao Long Bao, and/or Nan Shian Dumpling House Inc. d/b/a Nan Xiang Xiao Long Bao, and/or Nan Xiang USA Inc. d/b/a Nan Xiang Xiao Long Bao.

21.     Upon information and belief, Defendant Tai Viem Ma owns the stock of Nan Xiang Xiao Long Bao Restaurant Inc. d/b/a Nan Xiang Xiao Long Bao, and/or Nan Shian Dumpling House Inc.  d/b/a Nan Xiang Xiao Long Bao, and/or Nan Xiang USA Inc. d/b/a Nan Xiang Xiao Long Bao.and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

22.     Upon information and belief, yet unidentified Defendants Does are the owners, officers, directors and/or managing agents of Corporate Defendants and participated in the day-to-day operations of Nan Xiang Xiao Long Bao located at 38-12 Prince St. Flushing, NY 11354 and acted intentionally and maliciously and are an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and are jointly and severally liable with Corporate Defendants.

23.     Upon information and belief, yet unidentified Defendants Do own the stock of Corporate Defendants and manage and make all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

24.     At all times relevant herein, Nan Xiang Xiao Long Bao Restaurant Inc. d/b/a Nan Xiang Xiao Long Bao, and/or Nan Shian Dumpling House Inc.  d/b/a Nan Xiang Xiao Long Bao, and/or Nan Xiang USA Inc. d/b/a Nan Xiang Xiao Long Bao were, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

25.     At all relevant times, the work performed by Plaintiff was directly essential to  the business operated by Corporate Defendants.

26.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned  minimum  wages,  overtime  compensation  and  spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

27.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

28.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

29.     Upon information and belief, Defendants employ at least twenty (20) employees at any one time at their restaurant location. Plaintiff and a large number of Defendants' other employees have not received minimum wage, and /or overtime pay and spread-of-hour pay for work performed in excess of 10 hours per day and/or when working split shifts as required by the Fair Labor Standards Act and the New York Labor Law.

30.     Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

31.     From February 12, 2013 to October 17, 2016, Plaintiff worked six days per week with normally Wednesday off. On Monday through Friday, Plaintiff normally would be assigned to work any of the following four shifts each work day: from 1:30 p.m. to 12:30 a.m.; from 1:00 p.m. to 12:00 a.m.; from 2:00 p.m. to 11:00 p.m. or from 11:00 am to 10: 00 pm.  On Saturday and Sunday, Plaintiff would be assigned to work any of the following three shifts each day: from 12:30 p.m. to 12:30 a.m ; from 12:00 p.m. to 12:00 a.m or from 11:00 a.m. to 11:00 p.m. for twelve (12) hours each day. Regardless of which shift Plaintiff was assigned to work, he was not afforded any break each work day. As a result, Plaintiff worked around sixty-eight (68) hours each week.

32.     Plaintiff received tips from the customer but was not given notice regarding Defendants taking tip credit as required by the law.

33.     From February 12, 2013 to February 2014, Plaintiff was compensated with a fixed monthly salary of $400 regardless of the actual hours worked.

34.     From March 2014 to October 17, 2016, Plaintiff was compensated with a fixed monthly salary of $500 regardless of the actual hours worked.

35.     Plaintiff received his compensation in cash bi-weekly.

36.     Plaintiff was not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

37.     Defendants did not compensate Plaintiff for minimum wage or overtime compensation according to state and federal laws.

38.     Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, six days each week.

39.     Defendants did not provide Plaintiff with a wage notice at the time of his hiring.

40.     The applicable minimum wage for the period of February 12, 2013 through December 30, 2013 was $7.25 per hour.

41.     The applicable minimum wage for the period of December 31, 2013 to December 30, 2014 is $8.00 per hour.

42.     The applicable minimum wage for the period of December 31, 2014 to December 30, 2015 is $8.75 per hour.

43.     The applicable minimum wage for the period of December 31, 2015 to October 17, 2016 is $9.00 per hour.

44.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

45. Defendants knew that the nonpayment of minimum wage, overtime and the "spread of hours" premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

46. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

47. Plaintiff and the New York Class Members' workdays frequently lasted longer than 10 hours.

48. Defendants did not pay Plaintiff and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

49. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

50. Defendants did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Class members' pay increase(s).

51. Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

52. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

53. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA

and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

54.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

55.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each of their three restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

56.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

57.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment

law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

58. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

59. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

60. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

61.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

62.    Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ALLEGATIONS

63.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

64.    Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since December 2016 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages and overtime wages in violation of the New York Labor Law

(the "Class").

65.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of forty (40) members of the Class during the Class Period.

66.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy-- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

67.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

68.     Plaintiff has committed himself to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

69.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

70.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

       a.     whether the Defendants employed the Plaintiff and Class within the meaning of the New York Labor Law;

       b.     whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the Class;

c.      what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      whether Defendants failed to pay the Class wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.      whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.      whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g.      whether Defendants should be enjoined from such violations of the FLSA in the future;

h.      whether Defendants failed to pay Plaintiff and the members of the Class an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split worked in a day; and

i.      whether Defendants failed to provide Plaintiff and the Class with written notices of their rates of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer and other information and disclosures as required by New York Labor Law, §195(1)(a); and

j.      whether Defendants failed to provide Plaintiff and the Class with written statements of their wages, listing the dates of work covered by the payment of wages, the rate of pay and the basis thereof as required by New York

Labor Law, § 195(3).

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

73.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

74.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

75.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

76.     At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

77.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

78.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage]

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     At all relevant times, plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

81.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

82.     Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

83.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half

times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

85.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

86.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

87.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

88.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

89.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

90.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Class Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

93.     Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

94.     Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Time Pay]

95.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

97.     Defendants' failure to pay Plaintiff and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

98.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.     The NYLL and supporting regulations require employers to provide written notice

of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

100.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

101.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

102.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement]

103.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

105.    Defendants have failed to make a good faith effort to comply with the New York

Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

106.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

### Prayer For Relief

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective plaintiffs and members of the Class, respectfully requests that this court enter a judgment providing the following relief:

    a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and their counsel to represent the Collective Action members;

    b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

    c.  An order tolling the statute of limitations;

    d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    e.  An injunction against the Defendants and its officers, agents, successors,

employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.   An award of wages for all hours worked at agreed-to wage rates as well as overtime compensation and spread-of-hours compensation due under the FLSA and the New York Labor Law;

g.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C § 216 and the New York Labor Law;

h.   Unreimbursed tips and gratuities pursuant to the New York Labor Law;

i.   An award of liquidated damages as a result of the defendants' failure to furnish a notice at the time of hiring, pursuant to the New York Labor Law;

j.   An award of liquidated damages as a result of the defendants' failure to furnish statements with each payment of wages, pursuant to the New York Labor Law;

k.   An award of prejudgment and post-judgment interest;

l.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.   Such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York December 13, 2016     HANG & ASSOCIATES, PLLC.

<div style="margin-left:45%">

*/S/ JIAN HANG*
_____
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

</div>

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Nan Shian Dumpling House Inc., Nan Xiang USA Inc., Nan Xiang Xiao Long Bao Restaurant Inc., Tai Viem Ma and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Chen Kuan Chen
Full Legal Name (Print)

Chunkun Chen
Signature

12.13.16
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:     TAI VIEM MA

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Chen Kuan Chen, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of NAN XIANG XIAO LONG BAO RESTURANT INC, and/ or NAN SHIAN DUMPLING HOUSE INC. and/or NAN XIANG USA INC. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      Dated: December 13, 2016